IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

| | |
|---|---|
| PATRICIA A. KOODRICH | : CASE NO.  1:04 CV 1642 |
| Plaintiff | : |
| -vs- | : |
| SBC COMMUNICATIONS, INC., et al. | : MEMORANDUM AND ORDER |
| Defendants | : |

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Defendants in this matter – SBC Communications Inc., SBC Global Services, Inc. and SBC Ameritech Corporation (hereinafter referred to collectively as "SBC") – request the Court strike portions of two affidavits presented by the plaintiff, Patricia Koodrich ("Koodrich"), in her opposition response to SBC's Motion for Summary Judgment.  (Docket No. 39).  Specifically, SBC maintains the Affidavits of James Steiger and Kim Lovelace should be stricken pursuant to Fed. R. Civ. P. 56(e) as inadmissible evidence lying outside the scope of the affiants' personal knowledge.  See Fed. R. Evid 801, 802. Ms. Koodrich provides a response in opposition which, without substantiating the personal veracity of the affidavit passages in question, nevertheless, urges the Court to deny SBC's Motion to Strike.  (Docket No. 40).  Finally, SBC places before the Court a brief in reply, addressing Ms. Koodrich's efforts to fit Kim Lovelace's affidavit into Fed. R. Evid. 803(2), the hearsay exception for excited utterances.  (Docket No. 41).

Upon consideration, and for the reasons set forth below, the Court will effectively disregard the hearsay language contained in the offending affidavits but it will not strike from the record any portion of either affidavit. Thus, while the Court will not consider those portions of the Affidavits of James Steiger and Kim Lovelace that are not based on the affiants' personal knowledge, it will, nevertheless, deny SBC's Motion to Strike.

Ms. Koodrich seeks to substantiate her argument that a contract existed between herself and SBC through production of, and reliance upon, the Affidavits of Ms. Lovelace and Mr. Steiger, a former employee and a contract employee of SBC, respectively. (Docket No. 37, Koodrich Motion in Opposition pp. 6, 14, 15). SBC opposes the Court's consideration of portions of these two affidavits as inadequate to meet the evidentiary requirements as laid out in Fed. R. Civ. P. 56(e). (Docket No. 41, SBC reply Brief, pp. 1, 2).

In pertinent part, Rule 56(e) provides that supporting or opposing affidavits, offered for the purposes of summary judgment, "shall be made on personal knowledge, shall set forth such facts as would be admissible into evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."[1]  Fed. R. Civ. P. 56(e). Accordingly, the Court shall disregard, as not setting forth specific

---

[1] Ms. Koodrich maintains that SBC erroneously pleads its Motion to Strike pursuant to Rule 56(e). Rather, the plaintiff asserts, only Fed. R. Civ. P. 12(f) addresses motions to strike and, then, confines such motions to pleadings rather than to affidavits. (Docket No. 40, Koodrich Opposition p. 3). SBC's invocation of Rule 56(e) is entirely appropriate for the matter at hand. However, rather than striking the affidavit material from the record, defendant's challenge to the material contained in the affidavits of Ms. Lovelace and Mr. Steiger should more succinctly be understood as a request that the Court disregard the specific material due to its inadmissibility. The Court adopts this latter posture toward the invocation of Rule 56(e).

facts, those portions of an affidavit which fail to achieve the admissibility requirements as laid out in Rule 56(e).

Turning to Mr. Steiger's Affidavit, Ms. Koodrich maintains that, as a full time contractor to SBC Ameritech, he had personal knowledge of SBC's policies and practices, specifically as those policies bore on two individuals – Joseph Rastoka and Dustin Resar – accused of violating the SBC Code of Conduct. (Steiger Aff., Koodrich Exhibit 4). However, from the face of the Affidavit, Mr. Steiger's knowledge of SBC's policies (paragraph 2), Mr. Rastoka's and Mr. Resar's supervisor's conduct (paragraph 4), and Ms. Koodrich's supervisor's conduct (paragraph 5), rests on his subjective understanding and not on personal knowledge. Such a formulation constitutes mere speculation which falls short of the requirements for admissibility laid out in Rule 56(e). See Alderdice v. Am. Health Holding, Inc., 118 F. Supp. 2d 856, 862 (S.D. Ohio 2000) (determination that "general sense" of employer's business fails to establish personal knowledge); Fed. R. Evid. 801, 802. Accordingly, the Court will disregard paragraphs 2, 4 & 5 of Mr. Steiger's Affidavit.

Ms. Koodrich produces Ms. Lovelace's Affidavit as evidence of the content of a conversation between Ms. Koodrich and her supervisor Scott Samhric, in which Mr. Samhric purportedly assured Ms. Koodrich she would receive full pay and benefits during a period in which she was being investigated for a possible Code of Conduct violation and instructed Ms. Koodrich not to contact SBC's Human Resource department. (Lovelace Affidavit, paragraph 2). As with Mr. Steiger's Affidavit, Ms. Lovelace's observations may not be admitted as fact but must be regarded as speculation outside of the realm of her personal knowledge. Moreover, the information

Ms. Lovelace recounts having gathered originates from others and, as such, constitutes hearsay.[2]  Fed. R. Evid. 801, 802.  Accordingly, the Court will disregard paragraph 2 of Ms. Lovelace's Affidavit.

Consequently, paragraphs 2, 4 & 5 of Mr. Steiger's Affidavit and paragraph 2 of Ms. Lovelace's Affidavit will be disregarded as inadmissible pursuant to Fed. R. Civ. P. 56(e).  However, as reasoned above, SBC's Motion to Strike that material from the record will be denied.

IT IS SO ORDERED.

   /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

---

[2] In her brief in opposition, Ms. Koodrich attempts to fashion Ms. Lovelace's Affidavit into the hearsay exception for excited utterances.  Fed. R. Evid. 803(2).  However, this effort is unavailing.  Rule 803(2) demands "an event startling enough to cause nervous excitement," in which "the statement must be made before there is time to contrive or misrepresent . . . while the person is under the stress of the excitement caused by the event."  Greene v. B.F. Goodrich Avionics Sys., Inc., 409 F. 3d 784, 790 (6th Cir. 2005).  Ms. Koodrich admitted to having a conversation with Mr. Samhric regarding her conduct violation prior to the conversation referenced in Ms. Lovelace's Affidavit.  (Koodrich Depo. pp. 81-82).  In addition, Ms. Koodrich sought out Ms. Lovelace on another floor of the building.  That train of events mitigates against regarding Ms. Koodrich's conversation as the spontaneous utterance necessary to qualify it as an exception to the hearsay rule.